UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BILL O. LITTLE,

                Plaintiff,                              Case No. 14-cv-12378

v                                            Honorable Thomas L. Ludington

WILLIAM J. BARNES, MIKE BRYCE and
WILLIAM PIGOTT,

                Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO VACATE CONSENT AND REFERENCE

**I.**

The above-captioned matter was initiated on August 3, 2015, when Plaintiff Bill O. Little filed his complaint against Defendants William J. Barnes and Mike Bryce. ECF No. 1. Plaintiff alleges a single count of cruel and unusual punishment pursuant to 42 U.S.C. § 1983. *Id.* Specifically, Plaintiff alleges that Defendants' treatment of him at the Saginaw County Parole Office after he underwent surgery for a gunshot wound amounted to cruel and unusual punishment in violation of the Eight Amendment. *Id.*

On July 23, 2014, Plaintiff filed a notice of consent and reference of a civil action to a magistrate judge. ECF No. 8. In that notice, all three parties through counsel voluntarily consented to have a United States Magistrate Judge conduct all proceedings in the case, including trial and the entry of final judgment. *Id.* Pursuant to that notice, this Court issued an order referring all proceedings to United States Magistrate Judge Patricia T. Morris. ECF No. 9.

On October 15, 2014, Plaintiff filed a motion for leave to file a first amended complaint to add an additional party. ECF No. 14.  Judge Morris granted that motion on March 17, 2015 and directed Plaintiff to file his first amended complaint and add the additional party. ECF No. 29.  Plaintiff filed his amended complaint on March 18, 2015, adding William Pigott as an additional Defendant. ECF No. 30.  Defendant Pigott did not explicitly consent in writing to have a United States Magistrate Judge conduct all proceedings in the case as required by Local Rule 73.1(e).  However, the same attorney that represented the two originally named Defendants appeared on his behalf.

Defendant Pigott, along with the originally named Defendants, filed an answer to the amended complaint on April 8, 2015.  ECF No. 33.  All Defendants, including Defendant Pigott, then filed a motion for summary judgment on July 10, 2015. ECF No. 35.  Judge Morris denied that motion on August 31, 2015.  ECF No. 39.

Pursuant to a stipulation filed by the parties on September 21, 2015, Judge Morris issued an order permitting the substitution of Defendants' Attorney.  ECF No. 40.  Accordingly, Assistant Attorney General Clifton B. Schneider was substituted for Assistant Attorney General James T. Farrell as counsel for all Defendants. *Id*.  Attorney Schneider then filed the current motion to vacate consent and reference to the Magistrate Judge on behalf of all Defendants. ECF No. 41.  Defendants argue that, because Defendant Piggot did not explicitly consent to the Magistrate Judge jurisdiction, Judge Morris does not have jurisdiction to decide case-dispositive issues. *Id*.  Defendants thus move this Court to vacate the order of reference. *Id*. The motion will be denied.

**II**.

- 2 -

The Federal Magistrate Act of 1979 (Federal Magistrate Act) expanded the power of magistrate judges by authorizing them to conduct "any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case," as long as they are "specially designated ... by the district court" and are acting "[u]pon the consent of the parties." 28 U.S.C. § 636(c)(1). The Federal Magistrate Act mandates that "Rules of court for the reference of civil matters to magistrate judges shall include procedures to protect the voluntariness of the parties' consent." Id. at § 636(c)(2).  Pursuant to that mandate, Local Rule 73.1(e) provides:

> A party added to a civil case after reference of the case to a magistrate judge on consent will be given an opportunity to consent to the continued exercise of case-dispositive authority by the magistrate judge. The clerk will give the party a copy of the form described in (b). A party choosing to consent must, within 28 days of appearance, file with the clerk the form signed by the party or attorney. The case will be returned to the district judge for all further proceedings unless a form is properly signed and filed.

L.R. 73.1(e).  Furthermore, Federal Rule of Civil Procedure requires that there must be a record made of any consent to a magistrate judge under 18 U.S.C. § 636(c). Fed. R. Civ. P. 73(a).   This Court may vacate a reference of a civil matter to a magistrate judge for good cause shown on its own motion or if a party shows extraordinary circumstances. *See* 28 U.S.C. § 636(c)(4), Fed. R. Civ. P. 73(b)(3).

Defendants contend that extraordinary circumstances exist in the present case warranting an order vacating the reference to Judge Morris. Specifically, Defendants allege that, because Defendant Pigott never consented to the continued exercise of case-dispositive authority by the magistrate judge as required by L.R. 73.1(e), Judge Morris does not have jurisdiction to preside over the matter.

In *Roell v. Withrow*, 538 U.S. 580, (2003), the United States Supreme Court held that consent to proceedings before a magistrate judge can be inferred from a party's conduct during

- 3 -

litigation. In *Roell*, the District Judge referred a case to a magistrate judge upon the consent of the Plaintiff, but before receiving the consent from any of the three defendants. *Id*. at 583. After the summons had issued, only one of the defendants gave written consent to the referral. *Id.* The other two defendants, who were represented by an assistant in the attorney general's office, filed answers but neither consented nor objected to the referral. *Id*. Following a jury verdict, the magistrate judge entered judgment for the defendants, and the plaintiff appealed. Only then, after the Court of Appeals *sua sponte* remanded the case for the purpose of determining if the defendants had consented to the magistrate judge's exercise of jurisdiction, did the remaining two defendants file formal letters of consent to the reference. *Id*.

The Magistrate Judge, District Court Judge, and Fifth Circuit Court of Appeals concluded that, although the defendants had implicitly consented to Magistrate Judge jurisdiction, implicit consent was insufficient to confer jurisdiction under the Magistrate Judge Act. The Supreme Court disagreed, finding that consent to a magistrate judge reference may be inferred from a party's conduct during the course of the litigation. *Id*. The Supreme Court held that implied consent may be found where "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge." *Id*. at 590. The Court explained that, "[i]nferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority. Judicial efficiency is served; the Article III right is substantially honored." *Id*.

In the present case, Defendant Pigott implicitly consented to Magistrate Judge Morris's authority. Defendant Pigott's counsel was also counsel for Defendants Barnes and Bryce. Accordingly, Pigott's counsel was aware of the need for consent and the right to refuse it. Not

only did Defendant Pigott file an answer to the amended complaint, ECF No. 33, but he joined in a motion for summary judgment filed before Judge Morris. ECF No. 35.  Only after that motion was denied did Defendant challenge the jurisdiction of Judge Morris.  This is precisely the kind of conduct that the *Roell* Court aimed to prevent. Because Defendant Pigott implicitly consented to the reference to Judge Morris, Defendants' motion to vacate the consent reference will be denied.

## III.

Accordingly, it is **ORDERED** that Defendants' motion to vacate consent and reference to a Magistrate Judge to conduct all proceedings is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 18, 2015

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 18, 2015.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager